REEVES *v.* HAYNIE.

(*Nashville.*   December Term, 1913.)

COURTS.    Appellate jurisdiction.    Ejectment.

Where a bill charged that complainant was the owner of land
   and entitled to its possession, and that defendant entered
   thereon and was claiming it under a pretended title, appro-
   priating rents and profits, and prayed for adjudication of the
   title and for possession and rents, and the answer admitted
   possession, but denied complainant's title and right of posses-
   sion, and set up defendant's own claim of title, and an amended
   bill reiterated complainant's claim, and attacked defendant's
   claim and sought to remove it as a cloud, the original bill made
   a case of ejectment of which the court of civil appeals has no
   jurisdiction under acts 1907, ch. 82, sec. 7; the relief sought in
   the amended bill being merely incidental thereto, and not de-
   volving jurisdiction on that court.    (*Post, pp.* 718, 719.)

Acts cited and construed:  Acts 1907, ch. 82, sec. 7.

Case cited and disapproved:  Murphy v. Sullivan, 124 Tenn., 430.

FROM JACKSON.

Appeal from Chancery Court, Jackson County.—
A. H. ROBERTS, Chancellor.

W. W. DRAPER, for complainant.

D. B. JOHNSON, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the
Court.

This case was appealed from the chancery court of
Jackson county to the court of civil appeals, and was

by that court removed to this court on the ground that the controversy was one in ejectment. The question is whether the case was properly removed.

· The bill charged that the complainant was the owner of the land in controversy, and, as such, was entitled to its possession; that defendant had entered upon this land, and was claiming it under some sort of pretended title, and was appropriating the rents and profits. The prayer was for an adjudication of complainant's title, and that he recover possession of the land, together with the rents.

The defendant answered, admitting possession and, denying complainant's title and right of possession, and setting up his own claim of title. Thereupon an amended bill was filed in which the complainant reiterated his claim of title and his right of possession, and attacked defendant's claim and sought to have it removed as a cloud.

The original bill made a clear case of ejectment, over which the court of civil appeals had no jurisdiction under Acts 1907, ch. 82, sec. 7. The fact that the amended bill sought to remove defendant's claim of title as a cloud would not devolve upon the court of civil appeals jurisdiction of the case. The relief sought in the amended bill was merely incidental to the ejectment suit.

We are of the opinion, therefore, that the case was properly removed.

The case is not at all like that of *Murphy* v. *Sullivan*, 124 Tenn., 430, 136 S. W., 996.

Reeves v. Haynie.

On the merits of the controversy we think the chancellor reached the correct conclusion, and his decree is affirmed, with the costs of this court. The costs of the court below will be paid as decreed by the chancellor.